UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JERMAINE CORTEZ PATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-CV-00006-NCC |
| | ) | |
| CARL WHITE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a civil action filed by self-represented litigant Jermaine Cortez Pate. (Docket No. 1). Plaintiff has not paid the filing fee or filed a motion for leave to proceed in forma pauperis. Additionally, the complaint is not on a Court-provided form, as required, and contains claims on behalf of other inmates, which is not allowed. Therefore, for the reasons discussed below, the Court will direct plaintiff to either pay the full filing fee or file a motion for leave to proceed in forma pauperis. He will also be ordered to file an amended complaint.

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated at the Moberly Correctional Center (MCC) in Moberly, Missouri. He has filed a civil action pursuant to 18 U.S.C. § 3626(a)(2), which has been construed as a complaint under 42 U.S.C. § 1983. Plaintiff purports to bring the case on behalf of himself and eight other inmates. (Docket No. 1 at 1). Superintendent Carl White is named as the defendant. Superintendent White is sued in his official capacity. The complaint is typewritten but not on a Court-provided form.

In the complaint, plaintiff states that he is an inmate at MCC, which is part of the Missouri Department of Corrections. As an inmate at MCC, he alleges that he has been exposed to various unconstitutional conditions of confinement. (Docket No. 1 at 2). Those conditions include asbestos, toxic black mold, standing water in the housing units, lead-based paint, wastewater pollution, vermin control violations, food handling violations, insufficient ventilation, poor water and air quality, inadequate medical service, and inadequate cell space. As a result, plaintiff seeks injunctive relief.

## Motion for Leave to Proceed in Forma Pauperis

Plaintiff has neither paid the filing fee nor filed a motion for leave to proceed in forma pauperis. In order to proceed, plaintiff must do one or the other. That is, he can either pay the full $402 filing fee, or he can file a motion for leave to proceed in forma pauperis. If plaintiff files a motion for leave to proceed in forma pauperis, he must submit a copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). The account statement will be used to assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Plaintiff will be given thirty days to comply. If plaintiff fails to either pay the full filing fee or file a motion for leave to proceed in forma pauperis within thirty days, this action will be dismissed without prejudice and without further notice.

## Deficiencies in Complaint

Plaintiff's complaint is not on a Court-provided form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). In addition, it appears that plaintiff is attempting to bring claims on behalf of others, which he cannot do. That is, plaintiff has no standing to bring claims on behalf of other prisoners. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (stating that "[a]

prisoner cannot bring claims on behalf of other prisoners"); and *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (explaining that plaintiff did not have "standing to assert" a constitutional claim on behalf of another person). In other words, plaintiff must allege a personal loss. *See Sargent*, 780 F.2d at 1337. Furthermore, as plaintiff is not an attorney, he can only plead and conduct his own case. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel…").

Because the complaint is deficient, the Court will direct plaintiff to file an amended complaint according to the instructions set forth below. Plaintiff must read the instructions carefully, as a failure to follow them may result in the dismissal of this case.

### Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should put his case number – 2:22-CV-6-NCC – in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each

claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege

4

facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint.  This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.  If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's motion for leave to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that plaintiff shall either file a motion for leave to proceed in forma pauperis or pay the full filing fee within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to either file a motion for leave to proceed in forma pauperis or pay the full filing fee within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that if plaintiff files a motion for leave to proceed in forma pauperis, he must also submit a copy of his inmate account statement for the six-month period preceding the filing of his complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court form within **thirty (30) days** of the date of this order, according to the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 11th day of February, 2022.

 /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE