UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JERMAINE CORTEZ PATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-CV-006 RLW |
| ) | |
| CARL WHITE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Jermaine Cortez Pate's amended complaint. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Moberly Correctional Center (MCC) in Moberly, Missouri. On February 7, 2022, he filed a civil action pursuant to 18 U.S.C. § 3626(a)(2), which was construed as a complaint under 42 U.S.C. § 1983. Plaintiff purported to bring the case on behalf of himself and eight other inmates. (Docket No. 1 at 1). Superintendent Carl White was named as the defendant, and sued in his official capacity only. The complaint was typewritten but not on a Court-provided form.

In the complaint, plaintiff stated that he was an inmate at the MCC, which is part of the Missouri Department of Corrections. As an inmate at the MCC, he alleged that he had been exposed to various unconstitutional conditions of confinement. (Docket No. 1 at 2). Those conditions included asbestos, toxic black mold, standing water in the housing units, lead-based paint, wastewater pollution, vermin control violations, food handling violations, insufficient

ventilation, poor water and air quality, inadequate medical service, and inadequate cell space. As a result, plaintiff sought injunctive relief.

Because he was a prisoner, the Court screened his complaint, and determined that it was deficient. First, the action was not on a Court-provided form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Additionally, plaintiff appeared to be attempting to bring claims on behalf of others, which he lacks standing to do. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (stating that "[a] prisoner cannot bring claims on behalf of other prisoners"); and *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (explaining that plaintiff did not have "standing to assert" a constitutional claim on behalf of another person). Finally, the Court noted that plaintiff had not filed a motion for leave to proceed in forma pauperis or paid the filing fee.

On February 11, 2022, the Court ordered plaintiff to file an amended complaint on the Court-provided form within thirty days. (Docket No. 3). He was also directed to either file a motion for leave to proceed in forma pauperis or pay the filing fee. The Court advised him that a failure to comply would result in the dismissal of this action.

Plaintiff submitted an amended complaint on February 18, 2022, along with a motion for leave to proceed in forma pauperis and a motion to appoint counsel. (Docket No. 6; Docket No. 7; Docket No. 8).

**The Amended Complaint**

Plaintiff's amended complaint is on a Court-provided form, and names MCC Superintendent Amanda Lake as the sole defendant. (Docket No. 6 at 1). Lake is sued in both her individual and official capacities. In the caption section, plaintiff has written: "Judicial Notice – plaintiff seeks to amend complaint pursuant to 28 U.S.C. § 1915 asking enforcement of the consent decree entered in Parton v. White, Case No. 2-81-cv-19 DDN, under 18 U.S.C. § 401(3)." He has

2

also altered the form complaint so that "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983" now reads "Amended Prisoner Civil Rights Complaint Under 28 U.S.C. § 1915 for the Enforcement of Consent Decree Under 18 U.S.C. § 401(3)." Beneath that, plaintiff has written: "<u>Judicial Notice</u>: Reopen cause number 2-81-cv-19-DDN; dismiss instant case." He also asserts that a filing fee is "not required as plaintiff seeks to enforce the consent decree," and that he wants the "instant case" to be dismissed and refiled "in cause number 2-81-cv-19-DDN."

In the "Statement of Claim," plaintiff asserts that "defendant is in breach of the consent decree entered in Parton v. White, Case No. 2-81-cv-19 DDN." (Docket No. 6 at 3). More specifically, he states "[t]here is a significant decrease in staff," that there is an "ongoing issue" with "rampant" violence, that "[f]ood service has become hazardous," that the "[m]edical service is overwhelmed due to staff shortage[s]," and that "surgeries and procedures are not being conducted in a timely manner." (Docket No. 6 at 3-4). Plaintiff notes that "OSHA has been informed of the inadequate living conditions," but that OSHA "lacks jurisdiction." (Docket No. 6 at 4).

At the bottom of the "Statement of Claim," plaintiff "ask[s] that the above-captioned case be dismissed and that the Clerk of the Court file a copy of this complaint in case number 2-81-cv-19-DDN, for enforcement of the consent decree."

With regard to injuries, plaintiff alleges that "[d]efendant is in breach of the consent decree." (Docket No. 6 at 5). Due to this breach, he seeks "$100 up to $1,000 per day that defendant is in breach," as well as "enforcement of the consent decree" and an "inspection of [the] facility by an agency chosen by the Inspector General of the U.S. Department of Health and Human Services." Plaintiff also requests that the Clerk of Court "dismiss the instant action and … file a copy of this complaint in cause number 2-81-cv-19 DDN."

3

**Discussion**

Plaintiff is a self-represented litigant who filed a document with the Court that was initially construed as a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. The Court ordered plaintiff to file an amended complaint, which he has done.

Based on the contents of the amended complaint, it is clear that plaintiff did not intend to file a new civil action, but was attempting to enforce a consent decree in *Parton, et al. v. White, et al.*, No. 2:81-cv-19-DDN (E.D. Mo.). In that case, three MCC inmates filed a complaint on May 11, 1981, alleging unconstitutional conditions of confinement. On April 15, 1983, the Court ordered the action to be conditionally maintained as a class action. Subsequently, an amended complaint was filed. On December 8, 1983, a consent decree was entered into by the parties, which resolved the disputed claims.

As previously discussed, plaintiff initiated the instant action on February 7, 2022, by filing a document the Court construed as an attempt to file a 42 U.S.C. § 1983 action. On February 18, 2022 – the same day the Court received this amended complaint – plaintiff submitted a motion to intervene in *Parton, et al. v. White, et al.*, No. 2:81-cv-19-DDN, which was filed in that case. He followed that motion with a motion to reopen consent decree proceedings on March 15, 2022; an affidavit on March 21, 2022; a "Motion for Leave of Court to Enforce Consent Decree" on March 23, 2022; a "Motion to Enforce Consent Decree, Sanctions for Civil Contempt, and for an Order to Show Cause" on March 28, 2022; and a motion for a preliminary injunction on April 1, 2022. On April 8, 2022, the Court directed that the cause be served on the Office of the Attorney General of the State of Missouri. Subsequently, on April 20, 2022, plaintiff filed another motion to modify the consent decree and for injunctive relief. The State of Missouri entered its appearance, and on June 3, 2022, filed a motion to dismiss. That motion is still pending.

Meanwhile, in the amended complaint filed on February 18, 2022, plaintiff repeatedly asks for the instant case to be dismissed, and clarifies that he is attempting to enforce the 1983 consent decree. Specifically, he asks for the case to be dismissed twice on the first page, once in the "Statement of Claim," and again in the section for "Relief." (Docket No. 6 at 1, 4-5). Later, in the section of the form complaint regarding the grievance process, plaintiff notes that he "may not bring an independent action for enforcement of the consent decree," and concludes that "the above-captioned case should be dismissed." (Docket No. 6 at 7). Finally, on the last page of the amended complaint, plaintiff asserts that "[t]he complaint was wrongfully filed in the above-captioned case." (Docket No. 6 at 10).

In short, it is now obvious that plaintiff did not intend his original filing to constitute a new civil action, he is asking for the instant action to be dismissed, and he is actively litigating the consent decree in *Parton, et al. v. White, et al.*, No. 2:81-cv-19-DDN (E.D. Mo.). For all these reasons, the Court will dismiss this action without prejudice. Plaintiff's motion for appointment of counsel and his motion for leave to proceed in forma pauperis in this case will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for appointment of counsel (ECF No. 7) and for leave to proceed in forma pauperis (ECF No. 8) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**. A separate order of dismissal will be entered herewith.

Dated this 18th day of July, 2022.

　　　　　　　　　　　　　　　　　　　　　　／s／ Ronnie L. White
　　　　　　　　　　　　　　　　　　　　　　**RONNIE L. WHITE**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**